Harper, .T.
delivered the opinion of the Court.
It does not appear in this case, whether the executor, Simpson, was, or was not authorized, by the supposed will of his testator, to lease the mill in question; nor is it material to the result of the case. Whether he was, or not, the tenant, to whom he demised, and who enjoyed the premises without interruption, would have been liable to him. But we are of opinion, that the administrator cannot sustain the present action. The executor or administrator is the legal owner of the goods of his testator or intestate; and if he sell them on credit, it is his personal demand, and he is liable to creditors or distributees. If he take a note or obligation he must sue in his own right. Selw. N. P. Wheaton’s edition, 589: and if he should name himself executor or administrator, though this might not vitiate, it would be because they would be regarded as words of description, and surplusage. If he should die, the right of action would *313 foe in his representative, to whom the administrator de bonis non would have recourse. So, if he lease or sell for a term. It follows, whether we suppose the lease a valid act, done by an executor in fact, or the unauthorized act of an individual unconnected with the estate, that the representative of Simpson is the proper party to sustain the present action.
Young, for the motion.
A. W. Thompson, contra.
It was urged that the plaintiff is one of the heirs of the testator, and may sustain the action for use and occupation in that capacity, and that his description of himself, as administrator, will not vitiate. If Simpson was authorized by the will to lease, it was his contract, and his representative alone can sustain the action. If he was not authorized, the heir cannot sustain the action for use and occupation; there being no contract between himself and defendant. Defendant’s possession was a trespass as to him. The motion must therefore be granted; and a non-suit ordered.